** NOTE WAS OPINION NO. 92-016
ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR OPINION REQUEST ASKING, IN EFFECT, WHETHER PRESENT LAW PERMITS THE COMMISSION TO USE OKLAHOMA-BRED SUPPLEMENTS OR BROOD MARE OR STALLION AWARD MONIES FOR THE PURPOSE OF FUNDING OTHER OKLAHOMA BRED PROGRAM ACTIVITIES WHEN:
 1. A WARRANT TO PAY A PURSE SUPPLEMENT OR BROOD MARE OR STALLION CANNOT BE ISSUED BECAUSE AN IMPEDIMENT EXISTS; OR
 2. A WARRANT FOR SUCH PURPOSE HAS BEEN ISSUED AND, FOR WHATEVER REASON, IT IS CANCELLED.
YOU FURTHER SEEK ASSISTANCE IN DRAFTING APPROPRIATE STATUTORY CHANGES, SHOULD THE CURRENT STATUTES NOT PROVIDE FOR THE COMMISSION'S REUSE OF THE FUNDS. BECAUSE YOUR REQUEST, BY ITS NATURE, SEEKS ADVICE AND ASSISTANCE AS OPPOSED TO A FORMAL OPINION OF LAW, WE ARE RESPONDING BY WAY OF AN IN FORMAL OFFICIAL OPINION, WHICH IS THE OPINION OF THE UNDERSIGNED COUNSEL, AND NOT THE OPINION OF THE ATTORNEY GENERAL.
UNDER THE PROVISIONS OF 62 O.S. 263 (1991), DEPOSITORY CHECKS OR VOUCHERS ISSUED AFTER JUNE 30, 1980 BY ANY STATE OFFICER, DEPARTMENT, BOARD OR COMMISSION IN PAYMENT OF AN OBLIGATION OF THE STATE, "WHICH SHALL FOR ANY CAUSE REMAIN UNPAID AND OUTSTANDING FOR A PERIOD OF NINETY (90) DAYS SHALL BE CANCELLED. N THE STATUTE FURTHER PROVIDES THAT WHERE THE ACCOUNT ORIGINALLY CHARGED CAN BE IDENTIFIED, "THE CANCELLATION SHALL HAVE THE EFFECT OF RESTORING TO THE ACCOUNT THE AMOUNT THERETOFORE CHARGED." ID. WHERE THE IDENTITY OF THE ACCOUNT ORIGINALLY CHARGED CANNOT BE ASCERTAINED, THE AMOUNT CANCELLED REVERTS TO AND IS CREDITED TO THE GENERAL FUND. ID.
IN THE CASE AT HAND, SINCE THE OKLAHOMA-BRED FUND, THE FUND CHARGED WHEN WARRANTS ARE ISSUED, CAN BE IDENTIFIED, THE EFFECT OF CANCELLING A WARRANT IS TO RESTORE THE AMOUNT OF THE CANCELLATION TO THE OKLAHOMA-BRED FUND. THE QUESTION YOU ASK IS WHEN MONIES ARE SO RESTORED TO THE FUND, OR WHEN WARRANTS ARE NEVER ISSUED BECAUSE THE RECIPIENT CANNOT BE LOCATED OR HAS NOT SUBMITTED PROPER AFFIDAVITS, DO THE PRESENT STATUTES ALLOW THE COMMISSION TO REUSE THE FUNDS, CONSISTENT WITH LIMITS ON THE OKLAHOMA-BRED FUND ITSELF.
PUT ANOTHER WAY, THE QUESTION YOU ASK IS WHETHER THE COMMISSION IS REQUIRED TO EARMARK ND HOLD THE FUNDS FOR THE INDIVIDUALS ENTITLED TO A PURSE SUPPLEMENT OR BROOD MARE AND STALLION AWARD AND IF SO, FOR HOW LONG. WITH RESPECT TO LOST OR DESTROYED WARRANTS, THE PERSON TO WHOM THE WARRANT WAS ISSUED MAY, UNDER THE PROCEDURES SET FORTH AT 74 O.S. 34 (1991), REQUEST ISSUANCE OF A REPLACEMENT WARRANT, WHICH WHEN ISSUED, "SHALL BE RECORDED IN THE FUND AND ACCOUNT AGAINST WHICH THE WARRANT BEING REPLACED WAS ORIGINALLY ISSUED. N
AS PROVIDED IN 62 O.S. 41.19(B) (1991), THE PERSON TO WHOM A WARRANT WHICH IS SUBSEQUENTLY LOST OR DESTROYED IS ISSUED MAY APPLY TO HAVE A REPLACEMENT WARRANT ISSUED AT ANY TIME WITHIN THIRTY-SIX (36) MONTHS FOLLOWING THE MONTH IN WHICH THE WARRANT WAS CANCELLED. THUS, UNDER THE PRESENT LAW, IN THE CASE OF CANCELLED WARRANTS, THE PERSON TO WHOM THE WARRANT WAS ISSUED MAY MAKE APPLICATION TO HAVE A REPLACEMENT WARRANT MADE WHICH WOULD RESULT IN A CREDIT AGAINST THE OKLAHOMA-BRED FUND. ACCORDINGLY, UNDER THE PRESENT LAW, FUNDS CREDITED TO THE OKLAHOMA-BRED FUND BY VIRTUE OF CANCELLED WARRANTS MUST BE HELD BY THE COMMISSION FOR AN ADDITIONAL THIRTY-SIX (36) MONTHS, AT LEAST. SUCH ACTION ON THE COMMISSION'S PART WOULD THUS ENABLE THE COMMISSION TO MEET ANY OBLIGATION IT HAS WHEN REPLACEMENT WARRANTS ARE ISSUED. BUT SUCH ACCOUNTING ONLY TAKES CARE OF ITS OBLIGATIONS UNDER THE ISSUED WARRANTS, AND NOT UNDER THE UNDERLYING OBLIGATION THAT THE COMMISSION MAY HAVE TO A POTENTIAL RECIPIENT.
AS YOU KNOW, THE OKLAHOMA BREEDING DEVELOPMENT FUND SPECIAL ACCOUNT (COMMONLY REFERRED TO AS THE OKLAHOMA-BRED FUND) IS BY LAW A CONTINUING FUND, NOT SUBJECT TO FISCAL YEAR LIMITATION, WHICH CONSISTS OF ALL MONIES RECEIVED BY THE COMMISSION FROM REVENUES RECEIVED AS BREAKAGE AND FROM UNCLAIMED PARIMUTUEL TICKETS. 3A O.S. 208.3 (1991). AS YOU ALSO KNOW, MONIES FROM THE FUND CAN ONLY BE EXPENDED FOR CERTAIN PURPOSES, INCLUDING PROVIDING PURSE SUPPLEMENTS TO OWNERS OF OKLAHOMA-BRED HORSES AND THE PROVIDING OF STALLION AND BROOD MARE AWARDS. ID. UNDER THE PROVISIONS OF 3A O.S. 208.3(C) (1991), THE COMMISSION BY RULE MUST DEFINE THE TERM "OKLAHOMA-BRED HORSE", "QUALIFYING STALLION", PROVIDE FOR REGISTRATION OF OKLAHOMA-DOMICILED MARES AND STALLIONS, AND ESTABLISH A SCHEDULE OF FEES FOR REGISTERING IN THE OKLAHOMA-BRED PROGRAM. ONCE AN OWNER'S HORSE BECOMES REGISTERED AND ELIGIBLE TO RECEIVE THE AWARDS, AND AN EVENT ENTITLING THEM TO RECEIVE AN AWARD OCCURS, THE COMMISSION UNDER THE STATUTE HAS AN OBLIGATION TO I SUE THE AWARD OUT OF THE FUND. IF THE COMMISSION FOR SOME REASON FAILS TO ISSUE AN AWARD DUE, THE PERSON ENTITLED TO THE AWARD CAN BRING ACTION AGAINST THE COMMISSION TO RECOVER THE AMOUNT DUE. DEPENDING ON HOW THE COURTS CHARACTERIZED THE ACTION, THAT IS, WHETHER THE COURT VIEWED IT AS ACTION ON A WRITTEN CONTRACT, ACTION ON AN IMPLIED CONTRACT, OR AS A TORT, THE STATUTE OF LIMITATIONS BARRING THE ACTION MIGHT BE A SHORT AS TWO (2) YEARS OR AS LONG AS FIVE (5) YEARS. IT IS NOT CLEAR HOW SUCH AN ACTION WOULD BE CHARACTERIZED UNDER PRESENT LAW. THUS, UNDER THE MOST CONSERVATIVE APPROACH, ASSUMING NOTHING WOULD TAKE PLACE TO TOLL THE STATUTE OF LIMITATIONS — ANOTHER PROBLEM IN ITSELF — THE COMMISSION IN AN ABUNDANCE OF CAUTION, MIGHT CHOOSE TO EARMARK AND HOLD FUNDS FOR UP TO FIVE YEARS BEFORE USE.
BECAUSE OF THE UNCERTAINTIES INVOLVED, AND BECAUSE OF THE POSSIBILITY OF TOLLING OF A STATUTE OF LIMITATIONS, I WOULD STRONGLY ADVISE THE COMMISSION TO SEEK LEGISLATION WHICH WOULD SPECIFICALLY ADDRESS THIS ISSUE. AS REQUESTED IN YOUR LETTER, I WOULD BE HAPPY TO WORK WITH COMMISSION STAFF IN DRAFTING APPROPRIATION LEGISLATION, ONCE I KNOW THE COMMISSION'S DESIRES. I BELIEVE ANY LEGISLATION SHOULD ADDRESS NOT ONLY THE UNDERLYING OBLIGATION OF THE COMMISSION, BUT ALSO SPECIFICALLY ADDRESS THE AREA OF CANCELLED WARRANTS, IF THE COMMISSION WISHES TO BE RELEASED FROM A GENERAL THREE-YEAR STATUTE OF LIMITATIONS ON THE ISSUANCE OF REPLACEMENT OF WARRANTS.
EXAMINATION OF THE CURRENT LAW LEADS ME TO CONCLUDE WITH RESPECT TO CANCELLED WARRANTS, THAT FUNDS RETURNED TO THE OKLAHOMA BRED FUND AS A RESULT OF CANCELLED WARRANTS, MAY, FOR A PERIOD UP TO THREE (3) YEARS, BE REPAYABLE, BY MEANS OF REPLACEMENT WARRANT, TO THE PERSON TO WHOM THE WARRANT WAS ORIGINALLY ISSUED. IN THOSE INSTANCES WHERE PURSE SUPPLEMENTS, OR BROOD MARE OR STALLION AWARDS CANNOT BE MADE FOR OTHER REASONS, SUCH AS THE FAILURE OF THE INDIVIDUAL TO SUBMIT THE REQUIRED AFFIDAVIT, THE COMMISSION, MIGHT BE LIBEL FOR UP TO A FIVE (5), SHOULD THE COURT DETERMINE THAT THE UNDERLYING OBLIGATION OF THE COMMISSION TO THE AWARD RECIPIENT IS A WRITTEN CONTRACTUAL OBLIGATION. AS THE TRUE NATURE OF THE COMMISSION'S UNDERLYING OBLIGATION HAS YET TO BE DETERMINED BY A COURT, I STRONGLY SUGGEST THAT THE COMMISSION SEEK LEGISLATION TO CLARIFY THIS AND OTHER RELATED MATTERS.
(NEAL LEADER)